# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| WILLIAM S. PALMER, JR., ) | Case No. 1:19-cv-00102 |
| ) | |
| Petitioner, ) | Judge J. Philip Calabrese |
| ) | |
| v. ) | |
| ) | |
| WARDEN LYNEAL ) | |
| WAINWRIGHT, ) | |
| ) | |
| Respondent. ) | |
| ) | |

## OPINION AND ORDER

Petitioner William S. Palmer, Jr., a prisoner in State custody, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent Lyneal Wainwright, Warden of the Marion Correctional Institution, opposed the petition in his return of writ. Petitioner filed a traverse. The Magistrate Judge recommends denying the petition, and Petitioner objects to that recommendation. For the reasons that follow, the Court **OVERRULES** Petitioner's objections, **ADOPTS** the Report and Recommendation, and **DENIES** and **DISMISSES** the petition.

### FACTUAL AND PROCEDURAL BACKGROUND

In the report and recommendation, the Magistrate Judge set forth the history of this case. (ECF No. 11, PageID #1371–81.) In short, after a trial in State court, a jury convicted Petitioner of felonious assault, two counts of kidnapping, and theft from an elderly person. Petitioner unsuccessfully challenged his convictions through direct appeals in the Ohio courts. He is serving a sentence of nineteen years with five years of mandatory post-release control.

Petitioner raises nineteen grounds for relief. (ECF No. 1-6.) The Magistrate Judge recommends that the Court dismiss or deny grounds one and two as not cognizable and without merit (ECF No. 11, PageID #1390); deny ground three as procedurally defaulted (*id.*, PageID #1394); deny ground 4 on the merits (*id.*, PageID #1397); deny ground five as not cognizable, unexhausted, and without merit (*id.*, PageID #1402); deny ground six on the merits (*id.*, PageID #1405); deny ground seven on the merits (*id.*, PageID #1408); deny ground eight (*id.*, PageID #1414); dismiss ground nine as not cognizable (*id.*, PageID #1409); and deny grounds ten through nineteen on the merits (*id.*, PageID #1421). The report and recommendation stated that any objections were due fourteen days after service and advised Petitioner that failure to timely object may waive the right to appeal the Court's order. (*Id.*)

The report and recommendation was filed on the docket and mailed to Petitioner on April 21, 2021. Twelve days later, on May 3, 2021, Petitioner moved for leave to exceed page limitations to file objections (ECF No. 12), and the Court granted his request. The next day, May 4, 2021, Petitioner moved for an extension of time until June 25, 2021 to file objections. (ECF No. 13.) The Court, noting that objections were originally due May 5, 2021, partially granted the motion and extended the deadline for objections to July 7, 2021.

Petitioner filed objections to the report and recommendation on July 14, 2021. (ECF No. 15.) He argues the Magistrate Judge erred in ruling on all nineteen grounds for relief. Respondent did not reply.

2

## ANALYSIS

A district court judge may designate a magistrate judge to "submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court," 28 U.S.C. § 636(b)(1)(B), of a petition for a writ of habeas corpus, which the Court does by local rule, *see* Local Rule 72.2. When reviewing a report and recommendation, if a party objects within the allotted time, the district court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). "Objections must be specific, not general" and should direct the Court's attention to a particular dispute. *Howard v. Secretary of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985).

On review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Importantly, the Court's job is not to conduct a free-wheeling examination of the entire report and recommendation, but only to address any specific objections that a party has advanced to some identified portion of it. Accordingly, it is the Court's task in this matter to review the Magistrate Judge's report and recommendation de novo, based on the specific objections Petitioner timely raises.

3

Under 28 U.S.C. § 636(b)(1)(C), a party has fourteen days to object after service of the report and recommendation. Service is complete on mailing the served documents to the recipient's last known address. Fed. R. Civ. P. 5(b)(2)(C). As long as the party was properly informed of the consequences of failing to object, failing to file timely objections waives subsequent review. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). Under the prison mailbox rule, the time of filing for a *pro se* prisoner is when he delivers the document to prison authorities for mailing. *Houston v. Lack*, 487 U.S. 266, 275 (1988).

The Clerk of Court served Petitioner with the report and recommendation when it placed the report in the mail on April 21, 2021. The report and recommendation stated that the parties had fourteen days after the date of service to submit objections and advised Petitioner of the consequences of failing to file timely objections. ([ECF No. 11](), PageID #1421.) Therefore, Petitioner was required to file objections by May 5, 2021. The Court, however, granted Petitioner two extensions of time, requiring him to file objections by July 7, 2021. Because Petitioner did not file his objections until July 14, 2021, his objections were necessarily untimely. Accordingly, the Court determines that Petitioner has waived review of the report and recommendation.

In any event, upon the Court's independent review of the record and the Magistrate Judge's thorough report and recommendation, the Court discerns no federal constitutional error or violation that rises to the level Congress set in the

Antiterrorism and Effective Death Penalty Act, codified at 28 U.S.C. § 2254, for granting a writ of habeas corpus.

## CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Petitioner's objections (ECF No. 15), **ADOPTS** the Magistrate Judge's report and recommendation (ECF No. 11), and **DENIES** and **DISMISSES** the petition (ECF No. 1). Pursuant to 28 U.S.C. § 2253, the Court declines to issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right.

**SO ORDERED.**

Date

J. Philip Calabrese
United States District Judge
Northern District of Ohio