UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM S. PALMER, JR., | ) | Case No. 1:19-cv-00102 |
| Petitioner, | ) | |
| | ) | Judge J. Philip Calabrese |
| v. | ) | |
| WARDEN LYNEAL WAINWRIGHT, | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

Petitioner William S. Palmer, Jr., a prisoner in State custody, moves the Court for relief from judgment under Rule 60. (ECF No. 18.) For the reasons that follow, the Court **GRANTS** Petitioner's motion and **VACATES** its prior order dismissing the case.

**ANALYSIS**

Rule 60 provides a means for relief from a judgment or order. It permits a court to correct a clerical mistake or oversight "whenever one is found in a judgment, order, or other part of the record. Fed. R. Civ. P. 60(a). Further, it permits courts to relieve parties from a final judgment, order, or proceeding for any reason that justifies relief, among other particular reasons. Fed. R. Civ. P. 60(b). Under Rule 60, courts have the power to "reopen cases well after final judgment has been entered." *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008). "The decision to grant Rule 60(b)(6) relief is a case-by-case inquiry that requires the trial court to intensively balance numerous factors, including the competing policies of the finality of

judgments and the incessant command of the court's conscience that justice be done in light of all the facts." *McGuire v. Warden, Chillicothe Corr. Inst.*, 738 F.3d 741, 750 (6th Cir. 2013). Rule 60 motions are properly considered in the context of habeas relief where "neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state conviction . . . ." *Gonzalez v. Crosby* , 545 U.S. 524, 533 (2005).

That circumstance presents itself here. The Court overruled Petitioner's objections to the Magistrate Judge's Report and Recommendation, adopted the Report and Recommendation, and denied and dismissed the petition. (ECF No. 16; ECF No. 17.) The grounds for doing so was the apparent untimeliness of Petitioner's objections. (ECF No. 16, PageID #1455). Specifically, the Court found that Petitioner's objections were due July 7, 2021, but were not filed until July 14, 2021. (*Id.*) Petitioner now seeks relief from that judgment pursuant to Rule 60(b), arguing that the Court failed to apply the prisoner mailbox rule set forth in *Houston v. Lack*, 487 U.S. 266, 275 (1988), which provides that the time of filing for a *pro se* prisoner is when he delivers the document to prison authorities for mailing. (ECF No. 18-1, PageID #1460.)

In connection with his motion, Petitioner provided evidence demonstrating that he placed his objections in the prison mailbox on July 3, 2021. (ECF No. 18-2.) Therefore, under *Houston v. Lack*, his objections are deemed filed on July 3, 2021, even though they were docketed until July 14, 2021. The Court's failure to apply

*Houston* justifies relief under Rule 60. Accordingly, the Court will reopen the matter to address the merits of Petitioner's objections.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Petitioner's motion (ECF No. 18) and **VACATES** its prior Order (ECF No. 16) and Judgment of Dismissal (ECF No. 17). Further, the Court instructs the Clerk to **REOPEN** the matter.

**SO ORDERED.**

Dated: November 29, 2021

J. Philip Calabrese
United States District Judge
Northern District of Ohio