# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM S. PALMER, JR., | ) | Case No. 1:19-cv-00102 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | |
| | ) | |
| LYNEAL WAINWRIGHT, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## OPINION AND ORDER

Petitioner William S. Palmer, Jr., a prisoner in State custody, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent Lyneal Wainwright, former Warden of the Marion Correctional Institution, opposed the petition. Mr. Palmer filed a traverse in support. The Magistrate Judge recommends denying and/or dismissing Mr. Palmer's claims. Petitioner objects to that recommendation. For the following reasons, the Court **OVERRULES** Petitioner's objections, **ADOPTS** the Magistrate Judge's report and recommendation, and **DENIES** and/or **DISMISSES** the petition.

## FACTUAL AND PROCEDURAL BACKGROUND

### A.      State Court Conviction and Direct Appeal

The Magistrate Judge set forth the procedural and factual history of this case in her report and recommendation. (ECF. No 11, PageID #1372–81.) In sum, a jury convicted Mr. Palmer in State court for felonious assault, two counts of kidnapping, and theft. (ECF 6-1, PageID #190.)

As the Magistrate Judge detailed, the State court record shows that Mr. Palmer had a brief relationship with a woman, D.L., with whom he lived.  (*Id.*, PageID #1372.)  In July 2016, he cut her ear with a pocketknife, leaving a scar, and controlled D.L.'s movements and use of a phone.  (*Id.*)

On August 6, 2016, Mr. Palmer became angry with D.L. over a Facebook message he saw on her phone.  (*Id.*)  He responded by gagging her, tying her up, and hitting her with a billy club, flashlight, his fist, and a mirror.  (*Id.*)  He hit D.L. with the flashlight between 20 and 30 times.  (*Id.*)  Mr. Palmer hogtied D.L.'s hands and feet, held a knife to her neck, and threatened to kill her for over six hours.  (*Id.*, PageID #1372–73.)  Eventually, he released her the next day.  (*Id.*, PageID #1373.)

The theft conviction resulted from events over the same period of time when Mr. Palmer was hired to fix a roof, accepted $4,000 as payment up front, then failed to perform the work.  (*Id.*)

The State trial court sentenced Mr. Palmer to 19 years in prison.  (*Id.*, PageID #253).  Mr. Palmer unsuccessfully challenged his conviction on direct appeal.  (*Id.*, PageID #266–90.)  Then, he filed a notice of appeal and memorandum in support of jurisdiction with the Supreme Court of Ohio.  (*Id.*, PageID #291–92, 293–336.)  On July 18, 2018, the Ohio Supreme Court declined to accept jurisdiction.  (*Id.*, PageID #356.)

## B.    Additional Proceedings in State Court

While his direct appeal was pending, Mr. Palmer filed a motion for arrest of judgment with the State trial court.  (*Id.*, PageID #357–361.)  The State trial court denied the motion.  (*Id.*, PageID #369–71.)

2

Later, Mr. Palmer sought to reopen his direct appeal under Rule 26(B) of the Ohio Rules of Appellate Procedure.  (ECF No. 6-1, PageID #372–395.)  The State appellate court denied the application.  (*Id.*, PageID #403–06.)  Again, Mr. Palmer filed sought discretionary review with the Ohio Supreme Court.  (*Id.*, PageID #407–09, 410–27.)  In response, the State of Ohio opposed (*id.*, PageID #428–43), and the Ohio Supreme Court declined to accept jurisdiction on December 12, 2018 (*id.*, PageID #444).

### C.    Federal Habeas Corpus Petition

In his habeas petition, Mr. Palmer claimed nineteen grounds for issuance of the writ. (ECF No. 1-6, PageID #23–30.)  In her report and recommendation, the Magistrate Judge recommends that the Court deny and/or dismiss each.  (ECF No. 11, PageID #1386–1421.)  Petitioner raised ten objections to the report and recommendation. (ECF No. 15, PageID #1432–49.)  Initially, the Court determined that Petitioner's objections were untimely.  (ECF No. 16.)  However, on Petitioner's motion for reconsideration, the Court agreed that the objections were timely and vacated its prior Order. (ECF No. 19.)

### STANDARD OF REVIEW

A district court judge may designate a magistrate judge to "submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court," 28 U.S.C. § 636(b)(1)(B), of a petition for a writ of habeas corpus, which the Court does by local rule, see Local Rule 72.2.  If a party objects to the magistrate judge's report and recommendation, the district court makes "a de novo determination of those portions of the report or specified proposed findings or

recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). "Objections must be specific, not general" and should direct the Court's attention to a particular dispute. *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Indeed, "[t]he filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985).

Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Accordingly, it is the Court's task in this matter to review the Magistrate Judge's report and recommendation *de novo*, based on specific objections Petitioner raises.

## ANALYSIS

Where a petitioner "is in custody in violation of the Constitution or laws or treaties of the United States," he is entitled to a writ of habeas corpus. 28 U.S.C. §§ 2241(c)(3) & 2254(a). At bottom, the writ tests the fundamental fairness of the State court proceedings resulting in the deprivation of the petitioner's liberty. *See, e.g.*, *Brown v. Allen*, 344 U.S. 443, 463 (1953); *Powell v. Collins*, 332 F.3d 376, 388 (6th Cir. 2003) (citing *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991)); *Skaggs v. Parker*, 235 F.3d 261, 266 (6th Cir. 2000).

28 U.S.C. § 2254(d) provides:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted

4

with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"With the AEDPA, Congress limited the source of law for habeas relief to cases decided by the United States Supreme Court." *Herbert v. Billy*, 160 F.3d 1131, 1135 (6th Cir. 1998); *see also Williams v. Taylor*, 529 U.S. 362, 412 (2000).

A State court adjudication is "contrary to" Supreme Court precedent under Section 2254(d)(1) "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law," or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent" and arrives at a different result. *Williams*, 529 U.S. at 405. "Avoiding these pitfalls does not require citation of [Supreme Court] cases—indeed, it does not even require awareness of [the] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002).

Under Section 2254(d)(1), an unreasonable application of federal law is different than an incorrect application of federal law. *See Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Williams*, 529 U.S. at 410). A State court adjudication involves "an unreasonable application of" Supreme Court precedent under Section 2254(d)(1) in one of two ways: (1) if the State court identifies the correct governing legal rule from the Supreme Court's cases but unreasonably applies it to the facts of

the particular State prisoner's case; or (2) if the State court either unreasonably extends a legal principle from the Court's precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.  *See Williams*, 529 U.S. at 407.

## I.    The State Trial Court's Decision to Exclude a Witness

As his first ground in the petition, Petitioner asserts that the State trial court violated his rights to due process and a fair trial by excluding a witness who could provide exculpatory testimony.  (ECF No. 1-6, PageID #23.)  In his second ground, Petitioner asserts that the State trial court violated these same rights by excluding a witness who could impeach the credibility of the victim.  (*Id.*, PageID #23–24.)  Taken together, these grounds for relief challenge the State trial court's evidentiary rulings regarding two witnesses.  In the report and recommendation, the Magistrate Judge recommends that the Court dismiss Grounds One and Two as non-cognizable or, alternatively, deny them.  (ECF No. 11, PageID #1390.)  Petitioner objects to the report and recommendation on two grounds.  (ECF No. 15, PageID #1432–36.)

### I.A.    Fundamental Unfairness

First, Petitioner argues that the State trial court's evidentiary rulings were so egregious as to render the entire trial fundamentally unfair.  (*Id.*, PageID #1432–34.) To the extent that Petitioner alleges an error of State evidentiary law, however, his claim is non-cognizable on federal habeas review.  "[F]ederal habeas corpus relief does not lie for errors of state law."  *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

Even if Petitioner's claim were cognizable, his claim lacks merit.  If a violation of State law is so egregious that it results in a denial of fundamental fairness, it

may violate due process and warrant federal habeas relief.  *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003).  But the category of such violation is narrow.  *Id.* at 512.  The right of a defendant to present witnesses in his own defense is not unfettered, and a defendant must comply with established rules of procedure and evidence.  *Chambers v. Mississippi*, 410 U.S. 284, 302 (1973).  If a defendant fails to comply with those rules, then a court may exclude relevant evidence.  *Id.*  Here, the State appellate court determined that the State trial court properly excluded the two witnesses at issue.  (ECF No. 11, PageID #1388–89).  Petitioner fails to explain how this determination is contrary to or an unreasonable application of clearly established federal law or resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented.  *See* 28 U.S.C. § 2254(d)(1)–(2).

### I.B.   The Victim's Statement

Second, Petitioner asserts that the State appellate court erred by failing to rule that the victim's testimony was inadmissible under *United States v. Norris*, 300 U.S. 564 (1937).  (ECF No. 15, PageID #1435.)  Petitioner's reliance on *Norris* is misplaced.  *Norris* involves perjury as a matter of federal statutory law; State law, and a State statute in particular, governs Ohio's definition of perjury.  *Norris*, 300 U.S. at 568; *State v. Goodin*, 56 Ohio St. 2d. 438, 384 N.E.2d 290, 291 (Ohio 1978).  Therefore, Petitioner's claim under *Norris* involves lacks merit.

\*     \*     \*

For the foregoing reasons, the Court **OVERRULES** Petitioner's first and second objections.

## II.     Ineffective Assistance of Trial Counsel

In his fourth ground for releif, Petitioner asserts a claim for ineffective assistance of counsel trial counsel.  (ECF No. 1-6, PageID #25.)  In the report and recommendation, the Magistrate Judge recommends that the Court deny Ground Four on the basis that Petitioner fails to meet the standard of *Strickland v. Washington*, 466 U.S. 668 (1984).  (ECF No. 11, PageID #1397.)  Petitioner objects to this recommendation.  (ECF No. 15, PageID #1438.)

Claims of ineffective assistance of counsel receive a double layer of deference in federal habeas review.  *See Perkins v. McKee,* 411 F. App'x 822, 828 (6th Cir. 2011).  First, under *Strickland*, courts presume that counsel is effective.  466 U.S. at 687.  To overcome this presumption, a petitioner must show that his attorney's assistance fell below an objective standard of reasonableness and were not part of a sound trial strategy.  *Id.* at 689.  To establish ineffective assistance of counsel, a petitioner must demonstrate that:  (1) his counsel's performance was deficient; and (2) this deficient performance prejudiced his defense.  *Id.* at 687.  In other words, a petitioner must show that, but for his attorney's errors, the outcome of the trial would have been different.  *Id.* at 694.  Second, the AEDPA provides a second layer of deference.  Where a State appellate court has adjudicated a claim of ineffective assistance of counsel, a federal court analyzes that adjudication under the AEDA's standard set forth in Section 2254.  *Perkins,* 411 F. App'x at 828.

Here, Petitioner fails to show that the State appellate court's determination under *Strickland* "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded

disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011). Rather, it appears that Petitioner disagrees with the strategy employed by his trial counsel. But "[m]ere disagreements by a defendant with tactics or strategies employed by counsel are not enough to support a claim of ineffective assistance of counsel[.]" *Rodano v. Marquis*, No. 1:18-cv-02770, 2021 WL 2309527, at *8 (N.D. Ohio June 7, 2021) (citing *Strickland*, 466 U.S. at 689). Despite his objection, Petitioner fails to show that the State appellate court's analysis meets the standard the AEDPA sets in Section 2254. Therefore, the Court **OVERRULES** Petitioner's fourth objection.

## III.  The Prosecution's Use of the Victim's Statement

In Ground Three of the petition, Petitioner asserts that the State trial court violated his right to due process and the rules of evidence when the prosecution used a statement that the victim made to police. (ECF No. 1-6, PageID #24.) In the report and recommendation, the Magistrate Judge recommends that the Court dismiss Ground Three as procedurally defaulted or, alternatively, dismiss this claim as non-cognizable on federal habeas review. (ECF No. 11, PageID #1390.) Petitioner objects that his counsel's ineffectiveness excuses any procedural default. (ECF No. 15, PageID #1437.)

However, Petitioner again fails to demonstrate that his trial counsel's representation was constitutionally ineffective. (*See id.*, PageID #1437–38.) Rather, Petitioner merely argues that no reasonable trial strategy could explain his counsel's failure to make a contemporaneous objection to the prosecution's use of the victim's statement. (*Id.*, PageID #1437.) Common experience in trial practice suggests myriad reasons that might justify such a strategy.

9

Where a petitioner fails to comply with a State procedural rule when raising a claim, he procedurally defaults that claim. *See Maslonka v. Hoffner*, 900 F.3d 269, 276 (6th Cir. 2018). Federal courts generally do not consider procedurally defaulted claims in habeas review. *Wainwright v. Sykes,* 433 U.S. 72, 84 (1977). Claims can be procedurally defaulted in one of two ways. First, judgments based on State law, whether substantive or procedural, preclude habeas relief where the State-law grounds for the judgment are "independent of federal law" and are "adequate to support the judgment." *Coleman v. Thompson,* 501 U.S. 722, 729 (1991). Second, a claim is procedurally defaulted if the petitioner failed to raise and pursue the claim through the State's "ordinary appellate review procedures." *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 847 (1999)). Each claim that a petitioner raises to the State "must be fairly presented at every stage of the state appellate process." *Wagner v. Smith*, 581 F3d 410, 418 (6th Cir. 2009).

Federal courts may consider a procedurally defaulted claim if the petitioner can satisfy one of two tests. To overcome procedural default, a petitioner can show "cause for the default and prejudice from a violation of Federal law." *Martinez v. Ryan,* 566 U.S. 1, 10 (2012). A petitioner must satisfy both prongs to overcome procedural default. *Matthews v. Ishee*, 486 F.3d 883, 891 (6th Cir. 2007). Alternatively, a petitioner can overcome a procedural default if he can show that "failure to consider the claim will result in a fundamental miscarriage of justice." *Coleman* 501 U.S. at 750. To satisfy the second test, a petitioner must

10

demonstrate "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence[.]" *Smith v. Warden, Toledo Corr. Inst.*, 780 F. App'x 208, 220 (6th Cir. 2019) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). The Supreme Court has emphasized that this standard "is demanding and permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 539 (2006) (quoting *Schlup*, 513 U.S. at 327).

Here, Petitioner fails to demonstrate cause and prejudice to set aside the procedural default of his trial counsel's failure to object contemporaneously to the victim's statement. Further, enforcing this default will not result in a fundamental miscarriage of justice. Petitioner argues that the Magistrate Judge failed to acknowledge his status as a *pro se* litigant and held him to a higher standard when analyzing his claims. (ECF No. 15, PageID #1437.) Courts construe the papers of a *pro se* litigant liberally and in his favor and hold *pro se* litigants to "a less stringent standard than [filings] prepared by counsel." *Soto v. Williams*, 471 F. Supp. 3d 822, 825 (N.D. Ohio 2020) (citation omitted). But *pro se* status does not entitle a litigant to special treatment or excuse his failure to comply with the rules and governing legal standards. Accordingly, Petitioner must "establish adequate grounds for relief." *Id.* (citing *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987)). Here, Mr. Palmer's *pro se* status has nothing to do with the denial of this claim. He has simply failed to meet the high standard for setting aside the procedural default that bars review of this claim.

"While the court is required to liberally and actively construe the Petition, the court is not required to construct claims on Petitioner's behalf." *Roberts v. Wainwright*, No. 1:18-cv-2228, 2019 WL 2341200, at *2 (N.D. Ohio June 3, 2019) (citing *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001)).  For these reasons, the Court **OVERRULES** Petitioner's third objection.

## IV.   The Victim's Improper Statement

As his fifth ground for relief, Petitioner contends that his right to a fair trial was violated when the victim made an improper and unsolicited statement to the jury.  (ECF No. 1-6, PageID # 24.)  The Magistrate Judge recommends that the Court dismiss Ground Five as non-cognizable on federal habeas review or, alternatively, deny Ground Five as lacking merit.  (ECF No. 11, PageID #1397.) Petitioner objects that the curative instruction given to the jury was insufficient to correct the impact of the victim's improper and unsolicited statement.  (ECF No. 15, PageID #1439.)

In his petition, Petitioner raises two claims that were not presented in State court.  First, Petitioner asserts that the prosecutor was obligated to take additional corrective action beyond moving to strike the victim's unsolicited statement and asking the State trial court for a curative instruction.  (ECF No. 1-6, PageID #24–25.) Second, Petitioner asserts that his counsel should have objected and moved for a mistrial.  (ECF No. 10, PageID #1316.)  Because neither of these claims were presented in State court, these claims are unexhausted.  *See* 28 U.S.C. § 2254(c).  The exhaustion requirement prohibits a petitioner from raising a ground for habeas relief

that he failed to raise in the courts of the State. *See id.* As the Sixth Circuit has explained, "[t]he exhaustion requirement is satisfied when the highest court in the State . . . has been given a full and fair opportunity to rule on the petitioner's claims." *Murphy v. Ohio,* 551 F.3d 485, 501 (6th Cir. 2009) (cleaned up). Federal courts will not review claims that were not reviewed by the State courts due to the petitioner's failure to raise such claims while State remedies were available. *Irick v. Bell,* 565 F.3d 315, 323–24 (6th Cir. 2019). Because Petitioner argued in State court that the victim's unprompted testimony was too prejudicial to be overcome by a curative instruction (ECF No. 6-1, PageID #218–19), the Court finds that this case does not present one of the limited circumstances where staying the petition and holding it in abeyance to allow exhaustion is appropriate. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005).

Further, Petitioner first raised the claim regarding his counsel's failure to object and move for a mistrial in his traverse, not his petition. (ECF No. 10, PageID #1316.) Because this claim is presented for the first time in Petitioner's traverse, it is not properly before the Court; therefore, the Court declines to consider it. *See Tyler v. Mitchell*, 416 F.3d 500, 504 (6th Cir. 2005).

Accordingly, the Court **OVERRULES** Petitioner's fifth objection.

## V.    The State Trial Court's Denial of a Continuance

In Ground Six, Petitioner contends that the trial court violated his rights to due process and a fair trial when it denied a third continuance of the trial date to allow him time to locate witnesses. (ECF No. 1-6, PageID #25.) The Magistrate

Judge recommends that the Court deny this claim on the merits.  (ECF No. 11, PageID #1417.)  Petitioner objects.

In his objection, Petitioner relies on *Burton v. Renico,* 391 F.3d 764 (6th Cir. 2004).  (ECF No. 15, PageID #1442–43.)  In *Burton*, the Sixth Circuit ruled that a "[d]enial of a continuance rises to the level of a constitutional violation only when there is an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay."  391 F.3d at 772 (cleaned up).  To meet that standard, a petitioner must "show that the denial of a continuance actually prejudiced his . . . defense."  *Id.*  Petitioner fails to meet this standard.

Petitioner argues, without supporting authority, that "the state court of appeals decision is clearly contrary to and an unreasonable application of federal law as [the court of appeals] allowed the trial court to deny a continuance with exculpatory witnesses at stake . . . and the witnesses were denied the opportunity to give exculpatory testimony[.]"  (ECF No. 15, PageID #1443.)  To the contrary, the record reflects that the State trial court granted two continuances to allow counsel additional time to investigate the case.  (*See* ECF No. 6-1, PageID #188–89; ECF No. 7-1, PageID #509.)   And the State trial court found that counsel exhausted his investigation of the case.  (ECF No. 6-1, PageID #188–89.) This finding is presumed to be correct, *see* 28 U.S.C. § 2254(e)(1), and Petitioner has failed to rebut the presumption of correctness afforded this factual finding.

Accordingly, the Court **OVERRULES** Petitioner's sixth objection.

14

## VI.    Denial of Trial Counsel's Motion to Withdraw

In Ground Seven of the petition, Petitioner contends that the State trial court violated his Sixth Amendment rights by denying his counsel's motion to withdraw. (ECF No. 1-6, PageID #25.)  In the report and recommendation, the Magistrate Judge recommends that the Court deny Ground Seven on the merits.  (ECF No. 11, PageID #1408.)  Petitioner objects that his right to counsel was violated because the State trial court's ruling irreparably broke his relationship with hist rial counsel.  (ECF No. 15, PageID #1443–44.)

Decisions regarding a motion to substitute counsel involve balancing several factors:  the timeliness of the motion, the adequacy of the court's inquiry into the defendant's complaint, and whether the conflict between the client and the attorney was so great that it resulted in a breakdown in communication preventing an adequate defense. *Benitez v. United States*, 521 F.3d 625, 632 (6th Cir. 2008).  Petitioner has failed to demonstrate that the State court's decision was contrary to or an unreasonable application of clearly established federal law or based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.  28 U.S.C. § 2254(d).  As the State appellate court determined, Petitioner has not shown that the conflict with his counsel was "so great that it resulted in a total lack of communication preventing an adequate defense."  (ECF No. 6-1, PageID #284.)  The Magistrate Judge's report and recommendation gave proper deference to the State appellate court's ruling.  Further, Petitioner has not persuaded the Court by claiming that the

15

State trial court's decision was a *per se* violation under *Strickland*.  (*See* ECF No. 5, PageID #1443–44.)

Accordingly, the Court **OVERRULES** Petitioner's seventh objection.

## VII.  Sufficient and Manifest Weight of the Evidence

In his eighth ground for relief, Petitioner asserts that his right to due process was violated because sufficient evidence does not support his conviction for felonious assault.  (ECF No. 1-6, PageID #25–26.)  In Ground, Petitioner asserts that his right to a fair trial was violated because the manifest weight of the evidence does not support his convictions for felonious assault and kidnapping.  (*Id.*, PageID #26.)  In the report and recommendation, the Magistrate Judge recommends that the Court deny Ground Eight on the merits and dismiss Ground Nine as non-cognizable on federal habeas review.  (ECF No. 11, PageID #1409–14.)

### VII.A. Proof Beyond a Reasonable Doubt

Petitioner objects to the report and recommendation regarding Ground Eight on the basis that the prosecution did not prove each element of each offense beyond a reasonable doubt.  (ECF No. 15, PageID #1445.)

First, Petitioner argues that the State based its prosecution on the victim's testimony and that the State trial court should have excluded the victim's testimony under *United States v. Norris*, 300 U.S. 564 (1937), because the victim committed perjury.  (ECF No. 15, PageID #1445–46.)  As already explained, the AEDPA forecloses using *Norris* as a basis for a writ of habeas corpus because that ruling concerns perjury as a matter of federal statutory law, not a federal constitutional

16

right. *See* 300 U.S. at 568. Therefore, State law governs any perjury claim arising from Petitioner's trial.

Second, Petitioner asserts that his conviction is "constitutionally tainted" because the State trial court barred exculpatory testimony. (ECF No. 15, PageID #1446.) As previously explained, the State trial court did not abuse its discretion by excluding the witness described in Grounds One and Two. Petitioner failed to demonstrate that the State appellate court's decision falls within the narrow range of cases so egregious that it results in a denial of fundamental fairness in violation of due process and warrants the issuance of a writ. *See Bugh*, 329 F. 3d at 512.

To the contrary, the record shows that the State appellate court properly applied the standard for sufficiency of the evidence. (ECF No. 6-1, PageID #285.) Under that standard, the issue is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Because the State appellate correctly identified and applied this standard (as applied in cases under Ohio law), the Court cannot say that this adjudication is contrary to or an unreasonable application of clearly established federal law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented, as the AEDPA requires. 28 U.S.C. § 2254(d)(1)–(2).

For these reasons, the Court **OVERRULES** Petitioner's eighth objection.

### VII.B. Manifest Weight of the Evidence

Petitioner next objects to the Magistrate Judge's determination that Ground Nine is not cognizable.  It is well-settled that claims regarding the manifest weight of the evidence are grounded in State law and are, therefore, not cognizable on federal habeas review.  *See, e.g., Walker v. Engle*, 703 F.2d 959, 969 (6th Cir. 1983) (recognizing that the Due Process Clause does not provide relief for defendants whose convictions are against the manifest weight of the evidence, but only for those convicted without sufficient proof to allow a finding of guilt beyond a reasonable doubt).  Therefore, the Court **OVERRULES** Petitioner's objection.

### VIII.  Ineffective Assistance of Appellate Counsel

In Grounds Ten through Nineteen, Petitioner asserts that his right to effective assistance of appellate counsel was violated because his appellate counsel failed to raise several instances of alleged ineffective assistance of trial counsel.  (ECF No. 1-6, PageID #26–30.)  In the report and recommendation, the Magistrate Judge recommends that the Court deny these claims on the merits.  (ECF No. 11, PageID #1421.)  Petitioner objects on the grounds that the Magistrate Judge did not perform a full *Strickland* analysis on each ground individually and that the Magistrate Judge did not conduct an analysis under *Mapes v. Coyle*, 171 F.3d 408 (6th Cir. 1999).  (ECF No. 15, PageID #1447–48.)

### VIII.A. *Strickland* Analysis

As an initial matter, Petitioner is correct that the Magistrate Judge did not perform a full *Strickland* analysis on each instance of ineffective assistance of appellate counsel that he raised.  But appellate counsel is not obligated to advance

every possible argument on appeal.  *Davila v. Davis*, 137 S. Ct. 2058, 2067 (2017); *Smith v. Murray*, 477 U.S. 527, 536 (1986); *Jones v. Barnes*, 463 U.S. 745, 750–54 (1983).  Therefore, claims of ineffective assistance of appellate counsel must show that the arguments not raised were "plainly stronger than those actually presented in the appellate court."  *Davila*, 137 S. Ct. at 2067 (citing *Smith v. Robbins*, 528 U.S. 259, 288 (2000)).  Here, the State appellate court adjudicated Mr. Palmer's claim of ineffective assistance of appellate counsel in post-conviction proceedings and determined that it lacked merit.  Under Section 2254(d), the Court cannot say that the State court determination of Petitioner's claims of ineffective assistance of appellate counsel was contrary to or an unreasonable application of clearly established federal law.  Further, on review of the record, the Court cannot say that appellate counsel's performance was deficient or meets the high standard to make out such a claim.  *See Perkins,* 411 F. App'x at 828 (explaining the double deference given to State courts in federal habeas review under the AEDPA and *Strickland*).

For a claim of ineffective assistance of counsel to merit habeas relief, counsel's performance must be "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement."  *Harrington*, 562 U.S. at 102–03.  Petitioner fails to meet this standard with respect to his claims of ineffective assistance of appellate counsel, both individually and taken together.

### VIII.B.2. *Mapes* Analysis

Petitioner cites *Mapes* for the proposition that the Magistrate Judge did not perform a proper analysis of his ineffective assistance of appellate counsel claims.

However, *Mapes* does not apply to this case.  In *Mapes*, the petitioner filed his petition for a writ of habeas corpus in 1991—before Congress enacted the AEDPA.  171 F.3d at 413.  At that time, determinations of law and mixed questions of law and fact received *de novo* review.  *Id.*  Today, of course, the AEDPA governs these determinations.  *See Perkins,* 411 F. App'x at 828.  Consequently, the Magistrate Judge did not err in refusing to analyze Petitioner's claims for ineffective assistance of appellate counsel under *Mapes*.

Accordingly, the Court **OVERRULES** Petitioner's objection.

## IX.    Certificate of Appealability

Finally, Petitioner asserts that the Magistrate Judge erred by failing to address whether he is entitled to a certificate of appealability.  (ECF 15, PageID #1449.)  The Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c).  To make a "substantial showing," the petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Miller-El v. Cockrell*, 537 U.S. 322, 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Here, Petitioner's claims lack merit, are procedurally defaulted, or are not cognizable in habeas corpus.  With resect to the claims that lack merit, the Court cannot say that Petitioner has made a substantial showing of the denial of a constitutional right or that  reasonable jurists would find the denial of a writ on any of his claims debatable or wrong.  As for the others, where "a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable

jurist [cannot] conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further . . . no appeal is warranted." *Slack*, 529 U.S. at 484. Therefore, the Court **DENIES** Petitioner's request for a certificate of appealability.

## CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Petitioner's objections (ECF No. 15) and **ADOPTS** the Magistrate Judge's report and recommendation (ECF No. 11). Further, the Court **DENIES** Petitioner's request for a certificate of appealability.

**SO ORDERED.**

Dated: August 19, 2022

_____
J. Philip Calabrese
United States District Judge
Northern District of Ohio